UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01446-RGK-BFMx | Date | April 17, 2023 |
|---|---|---|---|
| Title | *Linda Pedroza v. Cintas Corporation No. 3 et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Remanding Action to State Court

On January 12, 2024, Linda Pedroza ("Plaintiff") filed a Complaint against Cintas Corporation No. 3 ("Defendant"), alleging claims for disability discrimination and wrongful termination. (ECF No. 1-1.) On February 22, 2024, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) On April 9, 2024, the Court ordered Defendant to show cause that the amount in controversy requirement was satisfied for diversity jurisdiction. (ECF No. 13.) On April 17, 2024, Defendant responded. (ECF No. 17.) Upon review of Defendant's Response, the Court finds that the amount in controversy has not been established and hereby **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01446-RGK-BFMx | Date | April 17, 2023 |
|---|---|---|---|
| Title | *Linda Pedroza v. Cintas Corporation No. 3 et al.* | | |

    Here, Plaintiff seeks compensatory damages, attorneys' fees, and punitive damages. Defendant calculates Plaintiff's annual salary to be approximately $43,492,80. Since Plaintiff was terminated on April 21, 2023, she is owed about 43 weeks of backpay for $35,965.20—less than half of the $75,000 threshold. In its original Notice of Removal, Defendant attempted to make up this difference by relying on Plaintiff's request for front pay, estimating that if trial were held two years after removal, Plaintiff would be owed an additional $86,985.60. As the Court explained in its Order to Show Cause, however, this front pay estimate was too speculative, as there was little reason to assume that the case would take two years to go to trial.

    Shortly after the Court's Order to Show Cause, the Court held a scheduling conference, setting the jury trial date for December 10, 2024. (ECF No. 14.) In its Response, Defendant accordingly revises its front pay estimate to $35,128.80 based on that trial date, bringing its combined front pay and back pay estimates to $71,094. Defendant then attempts to fill that $4,000 shortfall with attorneys' fees, punitive damages, and emotional distress damages, citing to various cases where courts have exercised their discretion to adopt estimates based on awards given in factually similar cases. However, Defendant's Response suffers from the same flaws as its Notice of Removal—each of these estimates are speculative and based on unsupported assumptions. While the Court set a jury trial for December 10, 2024, there is little reason to assume it will actually go to trial on that date, if at all, casting uncertainty on both the front pay and attorneys' fees estimates. Similarly, given the wide range of punitive damages and emotional distress awards that juries have awarded in employment cases, there is little reason to consider Defendant's purportedly analogous awards to be predictive in this case.

    Defendant alternatively argues that the Court should nonetheless find that the amount in controversy requirement is satisfied because Plaintiff, by failing to timely challenge removal, has conceded that the amount in controversy requirement is satisfied. And as the Ninth Circuit explained in *Chavez v. JPMorgan Chase & Co.*, 888 F. 3d 413, 416 (9th Cir. 2018), a party's concession that the jurisdictional requirements are met "is tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which we accept as the amount in controversy if done in good faith." However, *Chavez* is distinguishable. In *Chavez*, the plaintiff entered a stipulation that stated: "The parties agree that this Court has jurisdiction over this matter on the basis of diversity jurisdiction." *Id.* at 415. Defendant does not identify any similar statement by Plaintiff in this case. Rather, Defendant argues that Plaintiff's inaction is functionally equivalent. However, Defendant does not cite any authority for that proposition. While *Chavez* cites a Seventh Circuit case, *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367–68 (7th Cir. 1993), which suggests that a plaintiff's inaction may suffice to find jurisdiction in this manner, the Ninth Circuit did not adopt that aspect of the case. For this reason, the Court finds Defendant's argument unpersuasive.

UNITED STATES DISTRICT COURT　　　　JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01446-RGK-BFMx | Date | April 17, 2023 |
|---|---|---|---|
| Title | *Linda Pedroza v. Cintas Corporation No. 3 et al.* | | |

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: LASC, 24STCV00907

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　Initials of Preparer　　　　　JRE/sf